HENRY J. WEST, PLAINTIFF IN ERROR, v. ANNIE
O'LEARY, DEFENDANT IN ERROR.

In replevin, if the plaintiff prove that she paid in cash a certain sum for
the property in dispute, the fact that the money paid by her did not
belong to her is insignificant if the question of the *bona fides* of the
sale is left to the jury.

Error to the Camden Circuit.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Lindley M. Garrison.*

The opinion of the court was delivered by

GARRISON, J. This is an action of replevin. The plaint-
iff in replevin was Annie O'Leary. To make out her title to
certain race horses she testified that she purchased them for
$4,000 in cash and gave her promissory note for the balance.
It further appeared that she received a bill of sale for the
horses, and that they remained in the custody of the same
person who had held them for the vendor, and that they were
subsequently run in the vendor's name. It further appeared
that the $4,000 paid by the plaintiff belonged to her father,
and that she was at best but the bailee of the fund. A
motion to nonsuit was made upon the ground that the cash
paid by the plaintiff was not her money, and that there was
no assumption by her of the property. We think that this
motion was properly refused. As between vendor and vendee
the legal title would pass according to the intention of the
parties. Upon the question of title whether the vendor came
by the cash she paid honestly or dishonestly is without sig-
nificance. If she had stolen the money, she could, by its use,
acquire legal title to property as against a vendor or his
creditors.

The remaining exceptions refer to the charge of the court.
But one of these may be noticed. The trial court said in its

charge that if the vendor at the time of the sale was not insolvent, and had seen fit to present the plaintiff with these horses, or make her a gift of them, he had a right to do it. As an abstract proposition of law this statement cannot be justified. But in its connection with the trial in question it had no pertinence. The question of a gift was not raised by either side. No charge with respect to a gift was requested. The proposition was not germane to any issue or to any testimony that was before the jury. The expression of the trial court had therefore no bearing upon the only question left to the jury, and cannot be deemed to have injured the defeated party. The questions that were in the case were left to the jury under proper instructions.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Abbett, Depue, Dixon, Garrison, Lippincott, Reed, Van Syckel, Bogert, Brown, Smith. 12.

*For reversal*—None.