HENRY LACKENAUER, DEFENDANT IN ERROR, v. THE LYON AND SONS' BREWING COMPANY, PLAINTIFF IN ERROR.

Argued March 13, 1902—Decided June 16, 1902.

Where the relevancy or irrelevancy of a question is not apparent at the time it is asked, its admission or rejection is in the discretion of the trial judge and a new trial will not be granted upon exception thereto unless it appears upon review that the party excepting was injured by such admission or rejection.

On error to the Supreme Court.

For the plaintiff in error, *Edward A. & William T. Day.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff below was employed by the brewing company as a racker. His duties required him to fill kegs and half barrels with beer, and, when filled, to place them on racks. He had been employed by the company for

eight years. His work was performed in the racking cellar of the brewery. He was paid for such services, at the office of the company, every week. This office was located on the opposite side of the brewery from the place where he performed his work, and, in order to reach the office, it was necessary for him to pass up a certain stairway and through certain rooms and passageways. At the end of one of these passageways was a door, which opened into the ale wagon-shed. On the day of the accident the plaintiff, while on his way from the racking cellar to the office to receive his weekly wages, in passing through this door, was precipitated into an excavation, made through the floor of this shed, and severely injured. He claims to have been ignorant of this excavation, and fell into it immediately upon passing through the door, without any fault or negligence upon his part. He recovered a verdict of $5,500.

Several exceptions to the ruling of the court were taken at the trial, but upon the argument only one was relied upon, and the others were distinctly waived. This exception was to the admission of a question asked upon cross-examination of the secretary of the brewing company. It was, "Did you do anything personally to work up this case?" to which he answered, "No, sir." He was then asked, "Who did?" Objection was made to the question; the question was admitted, to which exception was taken, allowed and sealed. He answered, "I wrote a letter to the insurance company notifying them of the accident." The purport of the question was not clearly apparent when asked, and could only be surmised. If it was to test the veracity or interest of the witness, it was clearly admissible. The further examination of the witness leads me to think that the object of the question was to show that the brewing company had an employer's liability insurance, and that it was indemnified from loss by this insurance. If such was the purpose, I cannot see how the answer could militate against the rights of the defendant. It did not attempt to magnify the injury done, or to show any negligence on the part of the company; its only effect would be to show that another person than the defendant

was interested and liable for the amount to be recovered. The brewing company was primarily liable, if any liability existed. The admission of the question was certainly harmless to the defendant, and it cannot therefore take advantage of such admission at this time.

The question belongs to a class of inquiries arising at almost every trial, which may not be directly relevant to the issue, yet are, and must be, left to the discretion of the trial judge, and will not be deemed of sufficient importance to set aside the trial, unless it clearly appears that injury has been done by the admission. *Discretio est discernere per legem quid sit justum. Schenck* v. *Griffin,* 9 *Vroom* 462; *Day* v. *Donahue,* 33 *Id.* 380; *Vandevoort* v. *Gould,* 36 *N. Y.* 639; 66 *Am. Dec.* 717; 88 *Id.* 321; *West* v. *O'Leary,* 27 *Vroom* 699.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 15.

*For reversal*—None.