CATHERINE PISCATORE AND CARMINE PISCATORE, PLAINTIFFS-RESPONDENTS, v. V. LA ROSA & SONS, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided November 17, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *John L. Ridley.*

For the respondents, *Jacob Max.*

The opinion of the court was delivered by

PARKER, J. The suit was based on negligence of the defendant, manufacturer of macaroni, in putting up for sale a package of macaroni purchased by the female plaintiff for food, and which the plaintiffs claim was "unfit, unwholesome, deleterious and dangerous to the human body and health." She cooked some of the macaroni and ate it, and shortly thereafter became ill and had to pay several visits to her doctor at his office and was treated by him for "stomach disturbances." There was a motion for a nonsuit, which was denied, and judgment rendered for the plaintiffs, the husband joining his action for damages *per quod.*

The grounds of appeal are the refusing of nonsuit and the refusing to render judgment for the defendant at the end of the trial. We think that there was no error in either respect. It was not denied that the defendant manufactured the macaroni for consumption, and the following facts were testified to at the trial—that plaintiff had noticed that the macaroni was unusual in that it had a blue line running through it; that when she ate some of the macaroni it tasted bad; that she was the only member of the family who had eaten the macaroni; that in preparing the macaroni for consumption, she had made a certain sauce and put it on the macaroni; that some of the sauce so prepared had been consumed by members of her family the following day without any ill effects. The agreed state of the case does not seem to show that Mrs. Piscatore had eaten or drunk anything else that might have made her ill. In our view the state of the case discloses a situation with regard to cause and effect which appears to exclude the sauce from any connection with the plaintiff's illness; and the fact that she was the only one who ate the macaroni and the only one that became ill, seems to point reasonably toward the macaroni as the cause of the illness.

The trial court based his judgment for plaintiff on the case of *Griffin* v. *James Butler Grocery Co.*, 108 *N. J. L.* 92; and this is challenged by the appellant as predicated on a breach of warranty rather than on negligence, and hence inapplicable. But assuming this for present purposes, we do not think the validity of the judgment is impaired as there is ample authority to support it in other decisions in this state, in particular, *Tomlinson* v. *Armour & Co.*, 75 *Id.* 748; *Cassini* v. *Curtis Candy Co.*, 113 *Id.* 91, and a number of cases cited therein on page 95. We see no substantial merit in the point urged, that the present case involves the illness of only one person, whereas all the cases in which recovery was sustained involved injury to several persons who drank the same thing. We do not think that this is so. Several of these cases at least are based on injury to only one person; and in any event, the fact that only one person ate the macaroni is not determina-

tive where it appears, as here, that that person is the only one that became sick, and that the possible connection of the sauce with the sickness was reasonably excluded by reason of the fact that the other members of the family ate the sauce without taking any harm therefrom. *Amabile* v. *Kramps,* 121 *Id.* 219.

We think the nonsuit was rightly denied, and the judgment is therefore affirmed, with costs.