Defendant appeals from a verdict of a jury returned against it at a trial before the Second District Court of Jersey City, in favor of the plaintiff for personal injuries resulting from consuming the contents of a bottle of Coca Cola allegedly containing a rusted Coca Cola cap and particles of dirt. *Page 104 
Defendant asserted four grounds for reversal of the judgment. At the argument, it abandoned the third and fourth grounds, and argued (1) that the court erred in refusing to direct a verdict dismissing plaintiff's complaint and (2) that the court below erred in refusing to permit defendant to cross-examine plaintiff as to prior absences from her employment.
At the trial, plaintiff testified that on the morning of October 8, 1947, she purchased a bottle of Coca Cola from a vendor and noticed, as she proceeded to consume its contents, that the beverage tasted "funny;" that, as she continued to drink it, "the worse it tasted;" that she then discovered a bottle cap inside the bottle and that the bottle had a bad ring around it and was dirty; that at lunch time she felt the ill effects of drinking the Coca Cola and consequently was unable to eat any lunch; that she finally went home because of her upset condition; that she became nauseous and vomited when she attempted to eat dinner that evening; that the next day at lunch she again vomited when she tried to eat a sandwich; that she thereupon reported her illness to the nurse at her place of employment and proceeded home; that the following day she received medical attention and thereafter was confined to her bed for five days, losing altogether about two and one-half weeks from her employment.
We find that there was sufficient evidence proffered by plaintiff to establish a prima facie case of negligence against defendant. It follows, therefore, that the court properly denied defendant's motion for a dismissal of plaintiff's complaint. Defendant argues that plaintiff failed to offer any medical proof to establish the causal relationship between the ingestion and her alleged injury. In establishing defendant's negligence, such medical testimony was not a legal pre-requisite. Plaintiff's testimony, standing alone, was sufficient to establish a primafacie case on which the jury might, as it evidently did, infer that the damages suffered by the plaintiff were proximately caused by the negligence of the defendant. Rudolph v. Coca ColaBottling Co., 4 N.J. Misc. 318 (Sup. *Page 105 Ct. 1926); Piscatore v. La Rosa Sons, 121 N.J.L. 288
(Sup. Ct. 1938).
We are convinced also that the court did not err in refusing, upon timely objection, to permit plaintiff, on cross-examination, to answer the following question:
"Q. Prior to October 8, 1947, which is the date that you purchased this Coca-Cola, had you ever been absent from your employment for any reason at all?"
Defendant contends that it was merely a preliminary inquiry for the purpose of pursuing an interrogation of plaintiff as to any prior absenteeism from her employment occasioned by illness and to prove that such other illness was the probable cause of the physical distress of which she complained. However, the question as formulated was entirely too broad in its scope to be admissible and its phraseology was such that to have permitted an answer would have required the jury to speculate on many reasons, not relevant to the issue, that might have caused such absences. In fact, in arguing its admissibility before the court below, defendant did not urge that it was merely a preliminary inquiry to ascertain any other illness or physical condition that plaintiff might have been or was suffering, but that it was admissible to prove "that in the realm of probability that absence may be attributable to illness." No such inference or implication could be reasonably or properly drawn from such unexplained absences. The court was acting properly within its discretionary power in sustaining plaintiff's objection to this question. Nor do we find that the defendant suffered any manifest harm from its exclusion. Lackenauer v. Lyon Sons' BrewingCo., 67 N.J.L. 677 (E. A. 1902); Testa v. Metropolitan,136 N.J.L. 9 (Sup. Ct. 1947).
The judgment below is affirmed, with costs. *Page 106