29 N.J. Super. 486 (1954)
102 A.2d 794
X-L LIQUORS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED C. TAYLOR, CLARENCE W. TAYLOR, GREYTON H. TAYLOR, FLORA T. KEELER AND LUCY T. ZIMMER, INDIVIDUALLY AND TRADING AS THE TAYLOR WINE COMPANY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1954.
Decided February 5, 1954.
*487 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Jack Solomon argued the cause for appellants.
Mr. Bernard Shurkin argued the cause for respondent.
*488 The opinion of the court was delivered by JAYNE, J.A.D.
The defendants, all residents of the State of New York and engaged in business as partners under the name of The Taylor Wine Company with their warehouse in Brooklyn, New York, addressed an application on May 20, 1952 to the Division of Alcoholic Beverage Control of this State for the issuance to them of a Class B license to vend wine at wholesale within this State.
Among the interrogatories propounded to the applicants and the information solicited in the conventional form utilized in such instances is No. 15, which reads:
"15. Applicants who do not maintain licensed premises in New Jersey shall designate a duly authorized agent within this State upon whom service of process may be made: Name of authorized agent .... . Address .... ."
The defendants designated one Bernard Best of 428 Leslie Street, Newark 8, New Jersey, as their agent authorized for the stated purpose. The license was issued in pursuance of the application.
Subsequently the plaintiff instituted the present action in the Law Division of this court against the defendants individually and as partners trading under the name of The Taylor Wine Company. It would have been desirable to have included in the statement in lieu of record a copy of the complaint or some precise information concerning the nature and subject matter of the alleged cause of action.
However, a summons was issued and dispatched to the Sheriff of Essex County for service upon the designated agent of the partnership. We quote verbatim et literatim the return of the special deputy sheriff endorsed on the writ:
"I served the within Summons on the 15th day of April, A.D. 1953, upon The Taylor Wine Company (Bernard Best, authorized representative) within named defendant, at Bernard Best's usual place of abode  428 Leslie Street, Newark, N.J., by delivering leaving a copy thereof, together with a copy of the Complaint, with a competent female member of his family of the age of fourteen years or over, then residing therein, Gloria Best, wife of Bernard Best."
*489 It is noticeable that the word "delivering" is effaced and the word "leaving" substituted, and that only one copy of the complaint was supplied. It is equally conspicuous that the copy of the writ and of the complaint were left with the wife of the agent.
An ensuing motion to nullify the service of the writ was denied. The order of denial adjudicates (1) that the Division of Alcoholic Beverage Control had the authority to require the defendants to designate a resident agent, (2) that the designation of the agent made available the service of process upon the agent in actions instituted in this State against the defendants, and (3) that the service in the manner indicated by the return constituted lawful personal service of the writ and a copy of the complaint upon each of the five defendants individually and as partners.
In our review of the order pursuant to the present appeal we are disinclined to deliver judgment upon the legitimacy of the power of the Director of the Division of Alcoholic Beverage Control to require the designation by applicants of a resident agent in such circumstances and the limitations of the agent's authority so appointed. That issue would manifestly implicate the public interest and necessitate the observance of the provisions of R.R. 4:37-2.
Rather do we concentrate our attention in contrasting the manner of service in the case with the provisions of R.R. 4:4-4. It is expedient to reproduce here the portions of the Rule of immediate pertinency.
"The summons and a copy of the complaint shall be served together. The plaintiff shall furnish the person making service with the original and a copy of the summons and as many additional copies thereof, each with a copy of the complaint annexed, as there are persons to be served. Service shall be made as follows:
(a) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on his behalf;

*490 * * * * * * * *
(e) Upon a partnership, by serving, in the manner prescribed by paragraph (a), a partner, a managing or general agent or an officer."
It may be broadly stated that the Legislature or the courts, in prescribing the methods of the service of original process in civil actions, have recognized the feasibility of two modes The one is commonly described as actual or personal service accomplished by delivering, that is, handing over to the defendant a copy of the writ, and the other is known as substituted or constructive service, notably achieved by mail and publication. A type of service generally included within the category of personal service is effectuated by leaving, that is, permitting the writ to stay or remain at the defendant's dwelling house or usual place of abode with some competent member of his family of or over a stated age who is residing there. The service of process by which courts of justice acquire jurisdiction has always been a subject of supreme importance. The provisions and requirements governing the manner of serving process are ordained with circumspection and a strict compliance with those prescriptions has been and is uniformly regarded as mandatory.
The intended import of the discriminatory passages of the statute or rule must be heeded, and so significance is ascribed to the distinctive shades of meaning of "delivering to" and "leaving with" as used in defining the requisites of lawful service. It is immediately observable that our rule R.R. 4:4-4 (formerly Rule 3:4-4 amended December 7, 1950 and supplemented January 1, 1952) prescribes that service of a copy of the summons and complaint shall be made upon a person authorized by appointment to receive service of process on behalf of a defendant "by delivering to" the person so authorized "a copy thereof."
Undiscoverable in subdivision (a) of the rule is any alternative dispensation to leave a copy of the writ and complaint at the dwelling house or usual place of abode of the agent with some competent member of his family of the *491 requisite age. The omission of this alternative method of service accumulates a prominence of materiality when we glance at subdivision (d) of our rule which pertains to the service of process upon the registered agent of a domestic or foreign corporation and which expressly sanctions the leaving of a copy of the writ and complaint "at the registered office of the corporation with any person in charge thereof."
Subdivision (e) of the rule requires the service of process upon a partnership to be fashioned "in the manner prescribed by paragraph (a)." Assuredly the service of process in the present case was not made upon a partner who perhaps might be recognized as an individual defendant. The method of service of process upon an appointed agent of a partnership is prescribed by the concluding provision of subdivision (a) of the rule.
We conclude that the manner in which the service of process was made in the present case was not conformable to the applicable provisions of R.R. 4:4-4. The order under review is reversed and the service of process in the manner disclosed by the return of the writ is annulled.