52 N.J. Super. 360 (1958)
145 A.2d 519
FLORENCE B. ROGERS, PLAINTIFF,
v.
FRANCIS DUBAC, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 16, 1958.
*361 Mr. Fred W. Jung, Jr., argued the motion for the defendant.
Mr. John C. Givens argued the motion for the plaintiff (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
*362 KNIGHT, J.S.C.
This matter is before the court on a motion by the defendant for (1) summary judgment on the ground that the statute of limitations has run barring plaintiff's cause of action, and (2) dismissal of the complaint on the ground that the summons was not caused to issue within the ten-day limit prescribed by R.R. 4:4-1 and R.R. 4:42-2(a). The facts upon which the issues presented by this motion may be resolved are undisputed. Plaintiff's complaint was filed on July 13, 1956, in which she alleges that she sustained personal injuries on October 28, 1954, when she fell while a patron in the defendant's inn. The summons was not issued until March 11, 1957. The defendant was served with process on March 13, 1957, and the summons was filed with the Clerk of the Superior Court on March 15, 1957. On March 29, 1957 the defendant filed his answer, in which he set up as one of his defenses the statute of limitations, and in a separate defense he reserved "the right to strike the complaint by motion at or before the time of trial on the grounds of insufficiency of process, lack of jurisdiction over the person and/or insufficiency of service of process."
Inasmuch as civil actions are commenced by the filing of a complaint with the court, R.R. 4:3-1, see also Poetz v. Mix, 7 N.J. 436 (1951); Isaacks v. Jeffers, 144 F.2d 26 (10 Cir. 1944); Schram v. Holmes, 4 F.R.D. 119 (D.C.E.D. Mich. 1943), and Schnitzer & Wildstein, N.J. Rules Service A IV 21-24, this action is not barred by the statute of limitations as the complaint was filed on July 13, 1956 and was within the two year limitation for bringing action for personal injuries prescribed by N.J.S. 2A:14-2, the alleged accident having occurred on October 28, 1954.
However, the issue raised by plaintiff's contention that the defendant has waived his right to move for a dismissal of the complaint pursuant to R.R. 4:42-2(a) for plaintiff's failure to cause summons to issue within ten days from the filing of the complaint requires other considerations.
Under the provisions of R.R. 4:12-2 every available defense, legal or equitable, in law or in fact, in abatement *363 or in bar, to a claim for relief, however asserted, by complaint, counterclaim, crossclaim or third-party claim, "shall" be presented in an answer thereto, except that the six defenses enumerated therein may at the option of the pleader be made at or before answer. See Massari v. Einsiedler, 6 N.J. 303 (1951) and Schnitzer & Wildstein, supra, A IV-226. This requirement of R.R. 4:12-2 is stated in unqualified affirmative and mandatory terms. The consequence of a failure to present the defenses in the manner prescribed is a waiver thereof under R.R. 4:12-8. Schnitzer & Wildstein, supra, A IV-314. The defendant's answer in the case sub judice did not set forth any defense representing that of R.R. 4:4-1, namely that the summons was not issued within the prescribed ten day period from the filing of the complaint. However, the defendant contends that his seventh defense, in which he set forth lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process is sufficient to embrace a defense based upon the failure to issue a summons within ten days as prescribed by R.R. 4:4-1 and R.R. 4:42-2(a). The court cannot agree with this contention. The defenses of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process found in R.R. 4:12-2 are words of art taken from Federal Rule of Civil Procedure 12(b), 28 U.S.C.A. See Rules Governing All of the Courts of N.J., Comment on Rule 3:12-2 (Tent. Draft 1948). Lack of jurisdiction over the person speaks for itself while "insufficient process or insufficient service of process precludes acquisition of jurisdiction over the person." Schnitzer & Wildstein, supra, A IV-236. See also Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952). Either one or all of these defenses attempt to abate the action because the court is powerless to render an effective judgment against one of the parties due to failure to obtain jurisdiction over the person. See Messenger v. United States, 231 F.2d 328 (2 Cir. 1956); Bucholz v. Hutton, 153 F. Supp. 62 (D.C. Mont. 1957); Fistel v. Christman, 13 F.R.D. 245 (D.C.W.D. Pa. 1952).
*364 The failure to issue a summons within ten days of the filing of a complaint does not preclude personal jurisdiction by the court, and such a defense is not encompassed by either or all of the three defenses under consideration. The remedy for failure to issue a summons within ten days of filing the complaint is provided in R.R. 4:42-2 (a) which gives "the court in its discretion" the right to dismiss the action. If such failure prevented jurisdiction over the person, then the summons would have to be set aside, or the action would have to be dismissed. It is clear from the cases that failure to comply with R.R. 4:4-1 does not go to the jurisdiction of the court over the person. In Byrd v. Ontario Freight Lines Corp., 39 N.J. Super. 275 (App. Div. 1956), Judge Jayne, in speaking of a defense on the grounds of failure to comply with R.R. 4:4-1, said:
"* * * neither the form of the summons nor the efficacy of the service thereof is here impugned. * * *
It seems rational to believe that if the architects of our procedural rules intended that the requirement of the punctual issuance of the summons is to be regarded as an essential component of due process, it would not have categorized an application for the dismissal of the complaint under R.R. 4:4-1 and R.R. 4:42-2(a) as a discretionary matter.
Finally, we observe that where the court's discretion is exercised in favor of a defendant, the rules prescribe a dismissal of the complaint. Certainly this extreme result is alien to the course of action which normally flows from a successful challenge to the subject of process."
See also X-L Liquors, Inc., v. Taylor, 17 N.J. 444 (1955), affirming X-L Liquors, Inc., v. Taylor, 29 N.J. Super. 486 (App. Div. 1954); Goldenberg v. Sebersky, 30 N.J. Super. 596 (Cty. Ct. 1954); Colon v. Pennsylvania Greyhound Lines, 27 N.J. Super. 280 (Law Div. 1953). The defense of failure to comply with the ten-day provision of R.R. 4:4-1 should have been pleaded in the answer. Inasmuch as it was not, and since it is not encompassed within the terms and meaning of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process, it is considered waived by the defendant under R.R. 4:12-8 and the motion is hereby denied.