77 N.J. Super. 215 (1962)
185 A.2d 873
EDMUND CAPALDO, PLAINTIFF-RESPONDENT,
v.
NORMA REIMER, DEFENDANT-APPELLANT.
ALBERT F. GERMAINE, PLAINTIFF-RESPONDENT,
v.
NORMA REIMER, DEFENDANT-APPELLANT, AND EDMUND CAPALDO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1962.
Decided November 21, 1962.
*217 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Abraham I. Harkavy argued the cause for appellant (Messrs. Harkavy & Lieb, attorneys). Mr. Jerome S. Lieb and Mr. Ronald M. Sturtz, on the brief.
Mr. Albert L. Kessler argued the cause for respondent Albert F. Germaine (Mr. John L. McGuire, attorney).
Mr. Robert N. Wilentz argued the cause for respondent Edmund Capaldo (Messrs. Weiner, Weiner & Glennon, attorneys).
*218 PER CURIAM.
In this negligence case we granted defendant Norma Reimer leave to appeal from a jury finding of liability on her part following a trial limited to that issue. The jury exonerated defendant W. Howard Reimer, finding that his wife Norma was not acting in his behalf at the time of the accident.
The action arose from an accident which occurred on September 9, 1958 at about 3:15 P.M., when a truck owned by Jaeger & Germaine Oil Company, and operated by Edmund Capaldo, collided with a passenger vehicle operated by Mrs. Reimer. Albert F. Germaine was a passenger on the truck. He filed a complaint to recover damages against W. Howard Reimer, owner of the passenger vehicle, joining also Mrs. Reimer and Capaldo. The Reimers cross-claimed against Capaldo. Capaldo filed a separate personal injury action against the Reimers, and the cases were consolidated for trial.
From a factual standpoint the crux of the case was of narrow compass. Capaldo contended that the truck was being operated in a northerly direction on Pleasant Valley Way, West Orange, N.J., which was then about 30 feet wide and divided into two lanes by a double white line, and bordered on each side by a five-foot gravel shoulder. Capaldo intended to make a service call at a house on the easterly side of the roadway. When the truck was about 100 feet from the driveway of that property Capaldo gave a right-hand signal with the mechanical lights of his truck and turned into the driveway. When approximately one-third of the truck was within the driveway it was struck in the rear by the Reimer car.
Mrs. Reimer testified that, accompanied by her four infant children the oldest of whom was 8 1/2 years of age, she was proceeding in the same direction and at the same speed as the truck, about 100 to 200 feet to the rear of it. She was driving in the center of the northbound lane; the truck was proceeding slightly to the left of the center of that lane. She went on to say that her attention was attracted to the truck when it slowed down and bore to its left. She continued at the same speed, under the impression that the change of course of the *219 truck indicated that the driver intended to enter a driveway on the westerly side of the roadway. She claimed that the truck had gone so far to the left that its right tires were on the center line. The next thing she knew the truck turned in front of her. She applied her brakes; the front of her car struck the right side of the truck.
The only other witness was Germaine, who supported Capaldo's version and expressly denied that the truck had first gone to its left before making the right turn. In this respect his testimony conflicted substantially with his pretrial deposition. There, Germaine testified that Capaldo "pulled, perhaps, four or five foot to the left to go into a spiral driveway" and that he had turned left "maybe * * * twenty-five or thirty feet" before reaching the driveway, while travelling "fifteen, twenty miles an hour." On that occasion he also said that Capaldo made a left-turn signal when he began to turn left, and a right-turn signal when he turned right and into the driveway on the easterly side of the road.
Initially, defendant challenges the failure of the trial court to charge proximate cause in its main charge, and the insufficiency, inadequacy and lack of clarity of a definition of proximate cause given by the trial judge when, following defense counsel's objection to the charge, the jury was recalled for further instructions. Defendant maintains that in the total circumstances the court erroneously withdrew the issue of proximate cause from the jury's consideration.
It is, of course, fundamental that in a negligence case the components of liability are twofold, i.e., negligence on the part of the parties and causal connection between such negligence and the accident. See 2 Harper and James, Law of Torts, p. 1108 (1956). Proximate cause has been defined as the efficient cause  the one that necessarily sets the other causes in operation. It is the act or omission which directly brings about the happening complained of, in the absence of which such happening would not have occurred. Vadurro v. Yellow Cab Co. of Camden, 8 N.J. Super. 208, 212 (App. Div. 1950), affirmed 6 N.J. 102 (1950). A careful examination *220 of the main charge reveals that in only one place did the trial court make even a passing reference to proximate causation. This was done in connection with the discussion of contributory negligence, and even there the court did not define proximate cause or key its legal meaning to the facts of the case. When at the conclusion of the charge defense counsel objected, the judge agreed that there had been an omission and stated he would charge "proximate cause." The jury was then recalled and the following took place:
"I have been asked to charge you further on a subject which I thought that I had covered sufficiently without specifically using the words, proximate causation, two words in the law that I detest and consider largely meaningless. But it is the law that a party who is charged with negligence is not responsible for the results of his acts which are remote and far from the occurrence itself but only for those which will follow proximately. This means close in the course, in the ordinary course of events. Proximate means near, close.
Don't mix it up with `approximate,' which means more or less near but away from. The first part `ap' makes it away from the area; whereas the word I am using is `proximate,' without the `ap,' in front of it."
We are in complete agreement with defendant's criticism of the trial court's gratuitous observation that proximate causation are two words in the law he "detests" and considers "largely meaningless." The fact is that the element of proximate cause traditionally has commanded the respect of the law and frequently is the determinative issue litigated in negligence cases. See Kreis v. Owens, 38 N.J. Super. 148, 154-155 (App. Div. 1955). It need hardly be said that a judge is without right to officially discountenance a principle firmly embedded in the law simply because he does not personally agree with it. We may add that the court's literal definition of "proximate" and his comparison of that word with "approximate" was unwise, to say the least, since it tended to divert the minds of the jury from the concept that the proximate cause is the moving and efficient cause  the cause without which the accident would not have occurred.
*221 However, the failure to charge proximate cause or the charging of it erroneously does not necessarily require reversal. The factual setting of each case in which a charge on proximate cause has been omitted, or erroneously stated, must be examined by the reviewing court and a determination made of whether the charge as given was likely to have significantly impeded an intelligent resolution of the dispute by the jury. See Kreis v. Owens, supra, 38 N.J. Super., at p. 155.
Thus, where the complex of the evidence would permit a jury to determine that there were one or more potential causes with which the person sought to be charged was not connected, it is imperative that proximate cause be charged in order that such party be exonerated of liability for an act or omission on his part which was not causative nor contributorily causative of a claimant's injury. On the other hand, where the only rational conclusion to be drawn from the facts is that an accident happened as the result of the negligence of one or the other, or both of the parties, the failure to charge proximate cause, if error at all, is not reversible under R.R. 1:5-3(b).
We find that the case sub judice falls within the latter category. We are not dealing here with an occurrence which could be traced to several causes, one or more of which pointed to defendant's culpability and others in which her negligence if proved could be viewed as a condition rather than a cause. There is no suggestion that the control of either of the vehicles involved may have been affected by factors over which the drivers had no control, such as conditions of weather, defects in the highway, movement of other vehicles, or the like. Rather, we have a crystal-clear picture of two vehicles proceeding in the same direction in broad daylight on an unobstructed highway, a turn to the right made by one, and a collision with a vehicle following it.
The court adequately charged on the issues of negligence and contributory negligence, amply laid down the "reasonable man" test and properly allocated to the respective drivers *222 the burdens of proof imposed upon them. The simple task of the jury was to determine which, if either, of the versions presented by the respective parties was the more credible. This decided, the verdict passed naturally, and as a matter of course.
After lengthy deliberation the jury returned the following verdict:
"We, the jury, find that the accident was caused by the negligence of Mrs. Riemer [sic] alone and that Mrs. Riemer [sic] was not acting for her husband on the date in question." (Emphasis added.)
The simplicity of the issues, the sharpness of the factual dispute and the clarity of the jury verdict combine to impel the conclusion that in this case the failure to charge proximate cause in the first instance, the instructions subsequently given, or the court's remarks, taken singly or collectively, cannot realistically be said to have adversely affected defendant's rights.
Next, defendant argues that the court erroneously failed to submit the issue of Germaine's contributory negligence to the jury. There was no evidence whatever that Germaine was in control of the driver of the truck. Furthermore, even if he had been and the issue submitted to the jury, the verdict exonerating the driver Capaldo of negligence would necessarily have required the same finding as to Germaine. Thus, the issue of his contributory negligence depended upon a showing, directly or inferentially, that he individually (using the "reasonable man" standard) was guilty of some act or omission which contributed to his injuries. Accepting defendant's version of the occurrence and construing Germaine's depositions in a light most unfavorable to him, we find nothing in the total circumstances susceptible of an inference that he was guilty of an act or omission but for which the accident would probably have been avoided. Compare Ambrose v. Cyphers, 29 N.J. 138, 150 (1959).
*223 Lastly, defendant argues that the court erroneously instructed the jury as to its prerogatives in determining the effect of a violation of traffic laws on the issue of plaintiffs' negligence. We find the criticism hypercritical. The plain sense of this portion of the charge is that the jury, in considering the evidence pertaining to this subject, could find that a violation of any of the sections referred to by the judge constituted negligence on the part of the violator.
Affirmed.