95 N.J. Super. 240 (1967)
230 A.2d 532
MARION J. KELLY AND ROBERT J. KELLY, HER HUSBAND, AND MARION J. BALDESWEILER, PLAINTIFFS-RESPONDENTS, AND ROBERTA J. DILLON, ET AL., PLAINTIFFS,
v.
R.C. BORWEGEN, DEFENDANT, AND PETER J. HOWARTH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1967.
Decided June 1, 1967.
*241 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Arthur W. Burgess argued the cause for respondents (Messrs. Toolan, Haney & Romond, attorneys).
Mr. Henry H. Rubenson argued the cause for appellant (Messrs. Burton, Quackenbos, Axelrod & Rubenson, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
In this automobile accident case the jury returned a verdict against defendant Howarth of $10,000 in favor of plaintiff Marion J. Kelly and of $1,500 in favor of her husband per quod. Howarth appeals.
Howarth does not dispute the finding of liability. However, he argues that there was no competent and proper basis for the verdict because Mrs. Kelly produced no medical testimony, and the pains and sufferings about which she testified at the trial, more than three years after the accident, were largely subjective. Such injuries, says defendant, may not be submitted to a jury for evaluation without some medical testimony bearing on the issue of causation. We agree and reverse for a new trial as to damages only.
*242 The accident occurred when a vehicle driven by defendant Howarth collided with an auto in which Mrs. Kelly was a passenger. Mrs. Kelly testified that on the date of the accident, July 19, 1963, she was hospitalized for three hours while X-rays (which admittedly were negative) were taken; on the following Monday she was given an injection by her physician who also fitted her for a rib brace; two weeks later the doctor prescribed another brace, which she wore for nine months; thereafter she visited the doctor on about 40 occasions over a seven-month period, at which time she received injections and massages, and at the time of the trial in September 1966 she still suffered pain and had difficulty in sleeping, walking, climbing steps and breathing.
Mrs. Kelly stated:
"* * * the difficulty I still have is I can't walk more than probably six or seven blocks, and I do have quite a bad pain in the back or I can't climb too many stairs. I still have that pain and at times I still have difficulty in breathing."
Mr. Kelly confirmed the testimony of his wife, but her physician, who was unavailable at the time of trial, did not testify, and no expert testimony was introduced to show causation.
Plaintiffs argue that medical testimony is not essential, citing Wilson v. Coca-Cola Bottling Co., 3 N.J. Super. 102 (App. Div. 1949). In Wilson plaintiff became ill from foreign substances in a bottle of Coca-Cola. Unlike the case at bar, Wilson made no claim of permanent injuries. She merely alleged that she was confined to bed for five days and was out of work for about two and a half weeks. We held that the nature of her injuries and her testimony as to the effects which allegedly followed within that brief period were "* * * sufficient to establish a prima facie case on which the jury might, as it evidently did, infer that the damages suffered by the plaintiff were proximately caused by the negligence of the defendant. Rudolph v. Coca-Cola Bottling Co., 4 N.J. *243 Misc. 318 (Sup. Ct. 1926); Piscatore v. La Rosa & Sons, 121 N.J.L. 288 (Sup. Ct. 1938)." (at p. 104)
On the other hand, in Migliozzi v. Safeway Stores, Inc., 51 N.J. Super. 313 (App. Div. 1958), the lay testimony was that the infant plaintiff did not "eat right" and was nauseous for 14 months after drinking the foreign substance. Plaintiff's doctor did not testify. We held that although the trier of facts could infer that the foreign substance caused the distress which plaintiff suffered immediately after consuming the drink, the evidence did not permit
"* * * the inference that the subsequent gastric disturbances, testified to by no one but the mother, were caused by the drink * * * What the doctor found, what he treated the child for, how, and for how long, and the relation between the drink and her ailments, were all matters about which only the doctor was competent to testify.
In the Wilson case, supra, the doctor did not testify, but an examination of the record in that case shows the plaintiff herself did, in sufficient chronological detail to justify the jury in finding that the gastric symptoms, which lasted seven days, were caused by the drink. * * *
* * * it is our conclusion that the judgment of the court below should have been limited to damages for the first episode of vomiting." (at pp. 317-319)
The Kellys rely on Brown v. Campbell, 240 Mo. App. 182, 219 S.W.2d 661, 662 (Ct. App. 1949), and Johnston v. Owings, 254 S.W.2d 993, 998 (Mo. Ct. of App. 1952). The nature of the injuries in the Johnston case is not clear from the report. In Brown v. Campbell plaintiff's skull was fractured.
In the other cases cited by plaintiffs there was medical testimony.
A plaintiff must prove by a preponderance of the evidence that his injuries were causally related to the accident in question. E.g., Botta v. Brunner, 26 N.J. 82, 90 (1958); Dalton v. Gesser, 72 N.J. Super. 100, 111 (App. Div. 1962). With regard to meeting this burden it has been said:
"* * * where a claimed disability is the natural result of the injuries sustained, the jury may, without expert opinion, find that the injuries caused such disability. However, when an injury is such as *244 to require skilled men to determine its cause and extent, the question is one of science, and must be established by skilled professional persons." 25A C.J.S. Damages § 162(5), p. 91.
We believe that here, where much of the claim of pain and suffering for three years after the accident is subjective and not obviously related to an identifiable injury, expert testimony was required to prove causation.
It being impossible to ascertain how much of the verdict reflects the testimony which was not supported by medical evidence, we reverse for a new trial as to damages as to both Mr. and Mrs. Kelly. The other issues raised by the defendants are therefore academic and need not be discussed.
Remanded for a new trial as to damages. No costs.