123 N.J. Super. 379 (1973)
303 A.2d 329
KATHLEEN JULIE O'CONNOR, ETC., ET AL., PLAINTIFFS-RESPONDENTS,
v.
ABRAHAM ALTUS, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1973.
Decided April 12, 1973.
*382 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Herbert C. Klein argued the cause for defendant-appellant Harrison Park, Inc. and defendant-cross respondent Abraham Altus (Messrs. Krieger and Klein, attorneys).
Mr. Peter H. Wegener argued the cause for plaintiffs-respondents and cross-appellants (Messrs. Bathgate, Wegener and Sacks, attorneys).
Mr. John E. Morris argued the cause for defendant-respondent Romolo Bottelli, Jr.
The opinion of the court was delivered by LEONARD, J.A.D.
On September 13, 1967 infant plaintiff, then 15 years old, was injured when she came into contact with a glass sidelight adjoining a glass door in the lobby of a high-rise apartment building located at 377 Harrison Street, East Orange.
Defendant Harrison Park, Inc. (Harrison) was the owner of the building at the time it was built in 1955-1956. Thereafter, on October 1, 1958 Harrison sold it to Harrison Associates, a limited partnership (not a party to this litigation). Defendant Romolo Bottelli, Jr. was the architect who designed the building in 1955. Defendant David Shuldiner, Inc. installed all the glass therein, which was manufactured by Pittsburgh Plate Glass Company. Defendant *383 Abraham Altus was the record owner of the property at the time of the accident.
Plaintiff, through her guardian ad litem, and her father Roger O'Connor instituted suit against all of the above-named defendants. Altus did not answer and a default was taken against him. At the conclusion of plaintiffs' opening Pittsburgh Glass was dismissed upon motion. Following a jury trial as to the remaining defendants, the jury returned a verdict of no cause of action in favor of Shuldiner and verdicts of $100,000 in favor of the infant plaintiff and $3000 for her father, both against Harrison and Bottelli.
After the trial the court heard and disposed of various defendants' motions for dismissal, made during the trial and reserved, as well as motions for a new trial and for judgments n.o.v. Bottelli's motion for judgment n.o.v. based upon his defense of the ten-year statute of limitation favoring architects and others, N.J.S.A. 2A:14-1.1, was granted. Altus' motion to vacate the default entered against him and to strike the service of process purportedly made upon him was also granted. Harrison's motions for judgment n.o.v., a new trial and indemnification from Bottelli were all denied.
Harrison appeals from the judgment entered pursuant to the jury verdict and from the denial of its motions. Plaintiff cross-appeals from the order entering judgment n.o.v. in favor of Bottelli and from the order vacating the default against Altus. No active appeal is taken from the judgments entered in favor of Pittsburgh Glass or Shuldiner.
Plaintiffs' principal allegation of negligence was that defendants negligently designed, constructed and maintained the glass sidelight. Their expert testified that the panels were constructed of plate glass, which shatters into large fragments, rather than tempered glass, which disintegrates into small particles. He further stated that there was a failure to place decals or other markings thereon. Thus, he was of the opinion that the doors and panels did not conform to the standard of providing safe passage to the users *384 thereof, which standard was in existence at the time they were installed.
The general rule is that, once the vendee has taken possession, the vendor of real estate is not subject to liability for bodily harm caused to the vendee or others while upon the premises by any dangerous condition, whether natural or artificial, which existed at the time the vendee took possession. Sarnicandro v. Lake Developers, Inc., 55 N.J. Super. 475, 479 (App. Div. 1959); Restatement, Torts 2d, § 352 at 234 (1965). The rule applies equally to the situation where the vendor created the dangerous condition as well as the case of failure to repair, where he merely suffered the condition to exist. Sarnicandro, supra, at 479-480.
However, there are at least two recognized exceptions to the general rule. One is where the vendor creates a situation which interferes with the rights of the public or with the use or enjoyment of adjoining lands. In such cases where the land is transferred in such a condition that it involves an unreasonable risk of harm to those outside the premises, the vendor has been held liable on the theory of a public or private nuisance, at least for a reasonable length of time after he has parted with possession. Id. at 481; Restatement, Torts 2d, § 373 at 276.
Another exception which has led to holding a vendor liable is his failure to disclose a dangerous condition known to him, where he should have realized that the vendee did not know and probably would not discover the condition or its potentiality for harm. Sarnicandro, supra, at 481-482; Restaiement, Torts 2d, § 353 at 235.
Defendant Harrison now argues, as it did below, that since it had disposed of the property nine years before the accident, it was entitled to a dismissal of plaintiffs' action or to a judgment n.o.v. by reason of the above-noted general rule. To the contrary, plaintiffs now argue for the first time that Harrison is legally liable to them by reason of either or both of the noted exceptions. In so doing they rely upon the evidence which indicated that the plate glass *385 originally installed in the sidelight, if broken, was more dangerous than tempered glass would be. Further, upon inspection there was no visual difference between the two types of glass. Thus, they presently assert that Harrison knew of this dangerous condition but did not disclose it to the vendee, even though he should have realized that the vendee did not know and probably would not discover the condition.
However, the difficulty with plaintiffs' present position is that during the course of the trial Harrison moved for a judgment of dismissal based upon the general rule and submitted a request to charge with respect thereto. Nevertheless, neither the general rule nor the exceptions (plaintiffs made no request to charge them) were submitted to the jury for its consideration. Rather, the court charged the traditional negligence concepts of an owner of a building who created a hazardous condition in the construction of his premises and thereafter maintained them in an unsafe manner. Following the verdict Harrison moved upon the same grounds for a judgment n.o.v. or a new trial. Both were denied, but again the trial court did not refer to the legal concepts herein discussed.
Even if the appropriate charge had been given, there would remain one or more factual determinations to be made by the jury in the application of these enunciated legal principles before they could fix liability upon Harrison. Thus, we are of the opinion that the trial court properly denied Harrison's motion for a judgment n.o.v. On the other hand, upon the entire record, and particularly in light of the inappropriate jury instructions, we conclude that the court's denial of Harrison's motion for a new trial was in error and clearly resulted in a manifest denial or miscarriage of justice under the law. Dolson v. Anastasia, 55 N.J. 2, 6-7 (1969); R. 2:10-1. Accordingly, the judgment entered in favor of plaintiffs and against Harrison is reversed and this phase of the matter is remanded to the trial court for a new trial.
*386 We consider next the disposition of the psychiatric phase of infant plaintiff's claim. She testified that following the accident she suffered from a repeating nightmare that broken bits of glass were falling upon her and, additionally, whenever she heard glass breaking she froze and tensed up and "could taste blood in my mouth." She stated she consulted a psychiatrist in connection with these sensations. Later in the trial plaintiff called her psychiatrist, Dr. Lyons. All defendants objected to the doctor being allowed to testify on the ground that a copy of his report was not submitted to them, in spite of several demands therefor. Nevertheless, the trial court allowed Dr. Lyons to be called as a witness, state his qualifications and testify to the bare fact that he treated plaintiff following the accident. At that point the court again allowed defendants to approach side bar and state their full objections to the testimony of this witness. Thereafter, the court ruled that further testimony of the doctor would not be permitted. Harrison moved for a mistrial, asserting that the procedure was prejudicial. This was denied.
The judge in his charge referred to plaintiff's testimony as to her nightmares and sensations and that she had been to a psychiatrist. He also made reference to the abortive testimony of Dr. Lyons, but merely said that further testimony from him was ruled out for legal reasons. He refused Harrison's request to charge that "there is no proof supporting any claim that plaintiff had any psychiatric difficulties as a result of this accident." Regardless of whether Dr. Lyons should or should not have been allowed to testify in the first instance, we are of the opinion that the procedure adopted by the court was prejudicial to Harrison. The jury was left to speculate on the causal connection of plaintiff's alleged psychiatric symptoms to the accident and the nature and extent of her treatment therefor. See Kelly v. Borwegen, 95 N.J. Super. 240, 244 (App. Div. 1967). Further, we are not in a position to ascertain what part of the ultimate amount awarded to plaintiff, if any, was allotted to these *387 alleged ailments. Thus, the new trial previously ordered shall be both as to damages as well as liability.
We affirm the order of the trial judge which set aside the default as to Altus, since service of process on him was not in accordance with R. 4:4-4(d) (2) or 4:4-4(a). X-L Liquors Inc. v. Taylor, 29 N.J. Super. 486 (App. Div. 1954), aff'd 17 N.J. 444 (1955); Ammond v. Lafayette, 63 N.J. Super. 86 (App. Div. 1960). It is to be noted, that Altus' counsel has advised us that he is authorized to acknowledge service for him and he will do so.
Likewise, we affirm the order of the trial court granting a judgment n.o.v. in favor of Bottelli, the architect. N.J.S.A. 2A:14-1.1. bars the bringing of an action of this type against an architect more than ten years after the performance or furnishing of his professional services. This statute has been held to be constitutional. Rosenberg v. North Bergen, 61 N.J. 190, 198 (1972). Further, the trial judge correctly determined that this statute by its terms bars Harrison's present claim for indemnity against Bottelli but was not a bar to plaintiffs' claim against Harrison. He correctly reasoned that the statute, after the passage of the ten-year period, barred all actions against architects but it was not applicable to owners, or former owners, of the real property. See Rosenberg v. North Bergen, supra, at 201.
In view of our disposition of the above points we do not find it necessary to consider any other of the contentions raised by any party hereto on the appeal or cross-appeal.
Following remand and before retrial a supplemental pretrial conference should be held at which, among other things, plaintiffs, as well as defendants Harrison and Altus, shall set forth in detail their respective factual and legal contentions.
The judgment of plaintiffs against Harrison is reversed and that phase of the matter is remanded for a new trial, together with plaintiffs' claim against Altus. In all other respects the judgment is affirmed. No costs.