145 N.J. Super. 40 (1976)
366 A.2d 1006
CATHERINE MENZA, PLAINTIFF-APPELLANT,
v.
DIAMOND JIM'S, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1976.
Decided November 12, 1976.
*42 Before Judges MATTHEWS, SEIDMAN and HORN.
*43 Mr. Alan Y. Medvin argued the cause for appellant (Messrs. Horowitz, Bross and Sinins, attorneys).
Mr. Milton Gurny argued the cause for respondent (Messrs. Zucker, Lowenstein, Gurny, Facher & Zucker, attorneys).
PER CURIAM.
This is an appeal from a negligence action tried before a jury. Plaintiff tripped over a step and injured herself while on defendant's premises. She alleged that defendant was negligent because there was no warning of a step, the step area was not properly lighted and the carpeting in the area of the step was worn and torn. The defense consisted of a denial of these allegations.
The jury was given the following interrogatories:
1. Was the defendant negligent?
2. Was the defendant's negligence a proximate cause of the accident?
3. Was the plaintiff negligent?
4. Was the plaintiff's negligence a proximate cause of the accident?
5. What was the percentage of negligence attributable to (a) the defendant and (b) the plaintiff?
6. What is the amount of damages?
The jury returned with the following answers:
1. Yes.
2. No.
3. No.
4. No.
5. Not answered.
6. $15,000.
Plaintiff requested that the jury be polled. The jurors affirmed their findings three times. The trial judge thereafter molded the verdict to one of no cause of action. Plaintiff then moved for a judgment of $15,000 notwithstanding the verdict, arguing that the jury's answer to question 2 was not supported by any evidence. This motion was denied and *44 plaintiff brings this appeal, claiming that the trial judge erred in denying the motion.
Defendant contends that the remedy of judgment n.o.v. was not procedurally available to plaintiff since she failed to move for judgment prior to the case's going to the jury. Poland v. Parsekian, 81 N.J. Super. 395 (App. Div. 1963), certif. den. 41 N.J. 520 (1964); Surkis v. Strelecki, 114 N.J. Super. 596, 599-600 (App. Div. 1971), certif. den. 59 N.J. 266 (1971). The rule enunciated in these cases has been tempered by Logan v. No. Brunswick Tp., 129 N.J. Super. 105, 109 (App. Div. 1974), certif. den. 66 N.J. 328 (1974) In any event, it is inapplicable, since the basis for the motion in the instant case arose upon the return of the special verdict, R. 4:39-1, and not by reason of proofs which reasonably may have required a motion for judgment pursuant to R. 4:40-2. Dolson v. Anastasia, 55 N.J. 2 (1969). It might have been better practice if instead of moving for judgment n.o.v. plaintiff moved to vacate the judgment and to enter a judgment molded on the thesis that the jury intended to find for plaintiff.
Plaintiff argues that the jury's answer to question 2 was the product of a mistaken understanding of the trial judge's instructions. Plaintiff contends that the trial judge's instructions were misleading. We have reviewed the record and find this contention to be without merit.
At the hearing on plaintiff's motion, plaintiff submitted the affidavit of an attorney (not related to the litigation of the present case) which stated that the forelady of the jury told him that the jury wished to award plaintiff damages but misunderstood the trial judge's instructions relating to proximate cause. The trial judge refused to consider this affidavit.
It is entirely settled that affidavits of jurors will not be received for the purpose of impugning or destroying the verdict in which they have joined or of proving the ground of the verdict. Bragg v. King, 104 N.J.L. 4 (Sup. Ct. 1927). It has repeatedly been stated that a juror's claim *45 that he misunderstood the trial court's instructions will not be a ground upon which a juror can impeach his own verdict. State v. Athorn, 46 N.J. 247 (1966), cert. den. 384 U.S. 962, 86 S.Ct. 1589, 16 L.Ed.2d 674 (1966). It is against the policy of the law to receive affidavits of jurors for the purpose of explaining their verdict. Palestroni v. Jacobs, 10 N.J. Super. 266 (App. Div. 1950); cf. R. 1:16-1. The tendered affidavit was inadmissible also because it contained only hearsay.
We find that plaintiff is entitled to a new trial. The jury, in response to special interrogatories, found that defendant was negligent and that plaintiff was free of contributory negligence. The jury's finding that defendant was negligent but that this negligence was not the proximate cause of plaintiff's injuries appears to be so inconsistent with the evidence as to bespeak confusion or mistake on the part of the jury. See Pappas v. Santiago, 66 N.J. 140 (1974).
It is suggested that in order to avoid confounding the jury with issues which are not actually involved in a case a trial judge should eliminate them when that course is indicated. Thus, where the facts adduced leave no doubt that if there was negligence there was also proximate cause, the jury should be instructed only as to the issue of negligence. Capaldo v. Reimer, 77 N.J. Super. 215, 221 (App. Div. 1962), rev'd on other grounds, 40 N.J. 269 (1963). The same thing is true with respect to contributory negligence. Kaufman v. Pennsylvania R.R. Co., 2 N.J. 318, 324 (1949); Gluckauf v. Pine Lake Beach Club, Inc., 78 N.J. Super. 8 (App. Div. 1963). The test as to whether issues are to be submitted to a jury is set forth in Kaufman v. Pennsylvania R.R. Co., supra:
Where an absence of contributory negligence clearly and conclusively appears as a fact or by necessary conclusive inference from an undisputed fact, there is no warrant for the submission of that question to the jury * * *.
*46 That statement is equally applicable to the question of proximate cause.
Defendant has brought to our attention error relating to proof of damages, which may have erroneously affected the quantum of the damages reported by the jury. Plaintiff was injured on October 27, 1973. At the time of trial, nearly 21 months later, plaintiff testified as to her injuries. Part of her testimony concerned pain in the left side of her chest. This pain was subjective. Over defendant's objection that plaintiff had failed to establish causal connection between the pain and her fall, the trial court allowed the jury to consider plaintiff's testimony. We find that plaintiff's proofs lack the necessary showing of relationship between the accident and this subjective complaint.
Where, as here, plaintiff's claim of pain is subjective and not obviously related to an identifiable injury, some competent testimony is required to prove causation. Kelly v. Borwegen, 95 N.J. Super. 240, 243 (App. Div. 1967). One may only conjecture how much weight that testimony carried in the jury's finding of damages. Because of this and our belief that the apparent confusion of the jury may have permeated the entire verdict, we find it necessary to remand the case for a new trial on all issues. O'Connor v. Altus, 123 N.J. Super. 379, 386-387 (App. Div. 1973), mod. on other grounds, 67 N.J. 106 (1975).
Reversed and remanded for a new trial.