**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4348-17T2

ELOY A. ROLE,

     Plaintiff-Appellant,

v.

RUCHI THAKER,

     Defendant-Respondent.

_____

Argued February 28, 2019 – Decided March 18, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Essex Country, Docket No. L-2727-17.

Eloy A. Role, appellant, argued the cause pro se.

Bryan T. Kurtzberg argued the cause for respondent (Law Offices of Cindy L. Thompson, attorneys; Bryan T. Kurtzberg, on the brief).

PER CURIAM

In this personal injury matter, plaintiff Eloy A. Role appeals from the April 27, 2018 Law Division order, which granted summary judgment to defendant Ruchi Thaker and dismissed the complaint with prejudice. We affirm.

Plaintiff alleged that on March 1, 2016, he was struck by defendant's vehicle while riding his bicycle and sustained permanent injuries to his left knee, left hip, left shoulder and neck.[1] Plaintiff went to the hospital, where X-rays of his left shoulder were within normal limits. Plaintiff was diagnosed with a shoulder sprain, abrasion of his left knee.

Plaintiff received medical treatment after the accident; however, none of his medical providers stated within a reasonable degree of medical certainty that plaintiff's alleged injuries were causally related to the accident. In addition, plaintiff provided no expert report regarding causation. Based on the lack of proof of causation, the trial court granted summary judgment to defendant.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346

---

[1] At the time of the accident, plaintiff did not own a motor vehicle or reside with anyone who owned a motor vehicle. Thus, he had no medical bills because the New Jersey Property-Liability Insurance Guaranty Association paid those bills. In addition, plaintiff had no economic damages, as he was retired at the time of the accident.

A-4348-17T2

(2017). Thus, we consider, as the trial judge did, "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 536 (1995)). Summary judgment must be granted "'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"To defeat a motion for summary judgment, the opponent must 'come forward with evidence' that creates a genuine issue of material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion[.]" Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)

(quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). Applying these standards, we discern no reason to reverse.

On appeal, plaintiff argues that the court deprived him of his constitutional rights by not permitting him to introduce MRI reports of his left knee and left shoulder and the report of Matthew J. DeLuca, M.D. regarding the injuries to his neck. Plaintiff claims these documents are conclusive and substantial evidence that he suffered permanent injuries to his left knee, left shoulder and neck.[2] We disagree.

The MRIs showed plaintiff sustained an injury to his left knee and left shoulder. However, a doctor diagnosed plaintiff with "unilateral primary osteoarthritis, left knee" and another doctor diagnosed plaintiff with an "[i]ncomplete rotator cuff tear or rupture of left shoulder not specified as traumatic." (Emphasis added). These doctors did not opine as to causation. In addition, the MRI of plaintiff's cervical spine showed he had disc bulges and foraminal stenosis at C3 to C7. Dr. DeLuca stated that plaintiff had "underlying

---

[2] Plaintiff was not subject to the limitation on lawsuit option, N.J.S.A. 39:6A-8. Thus, we need not consider his arguments about the verbal threshold.

cervical disc disease with possible cervical radiculopathy[,]" but did not opine as to causation.  Plaintiff's other medical records did not address causation either.

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)).  A plaintiff must prove by a preponderance of the evidence that the defendant's alleged negligence was a proximate cause of the injury.  Id. at 52.  Expert testimony is required to meet this burden:

> where a claimed disability is the natural result of the injuries sustained, the jury may, without expert opinion, find that the injuries caused such disability.  However, when an injury is such as to require skilled men to determine its cause and extent, the question is one of science, and must be established by skilled professional persons.
>
> [Kelly v. Borwegen, 95 N.J. Super. 240, 243-44 (App. Div. 1967) (quoting 25A C.J.S. Damages § 162(5), p. 91).]

Accordingly, expert testimony was required to prove causation in this case. Because no medical expert opined as to causation, the court properly granted summary judgment.

A-4348-17T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4348-17T2