WILLIAM D. BRAGG, PLAINTIFF, v. SAMUEL B. KING ET AL., DEFENDANTS.

Argued May 4, 1927—Decided January 10, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff, *Stokes, McDermott & Hartshorne.*

For the defendant King, *Samuel C. Cowart.*

For the defendant Reichey, *William H. D. Cox* and *Harry E. Walburg.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by the plaintiff, Bragg, to recover compensation for damage done to an automobile owned by him while in the possession of the defendant King. The plaintiff's case was that he had left the automobile with King in order to have it readjusted and put in proper running condition; that after King had done what he considered the necessary work upon it, and while having it tried out by one Barkalow, his employe, for the purpose of testing the engine, a collision occurred between this car and the automobile of one Reichey, resulting

in the partial destruction of the plaintiff's car. The aver-ment of his complaint was that the collision was the result of the carelessness of King's driver, and the jury so found. After the suit was commenced the defendant King applied to have Reichey joined as a party to the suit, and this was done. He thereupon counter-claimed against the latter, as-serting that the collision was solely the result of the care-lessness of his driver, and that he (King), was entitled to recover from Reichey such damages, if any, as he might be compelled to pay Bragg, the plaintiff. On motion of Reichey's counsel, the trial judge struck out this counter-claim upon the ground that, as between the parties to it, the matter was *res adjudicata*. This judicial action was based upon the fact that soon after the collision between these two vehicles Reichey brought suit against King and the present plaintiff, Bragg, for the damage done to his (Reichey's) car in the collision, claiming that the negligence of King's driver was the sole cause of the accident, and that Bragg also, as well as King, was responsible for such negligence. King there-upon filed a counter-claim against Reichey, in which he denied that the accident occurred through any negligence on the part of his employe, but was solely the result of the negligence of the driver of Reichey's car, and asked compen-sation from Reichey for the damages resulting to the Bragg car by reason of the collision. That trial resulted in a judg-ment in favor of Reichey and against King on the latter's counter-claim. That judgment the trial court, in the cause now before us, considered *res adjudicata,* so far as the mat-ters involved in King's present counter-claim against Reichey were concerned, and for that reason ordered the counter-claim struck out.

The first ground upon which we are asked to direct a new trial challenges the correctness of the action of the trial court in striking out the counter-claim of the defendant King against Reichey. The argument in support of this challenge is that the matters set up in the pleading were not *res ad-judicata* between the parties. But this argument seems to us to be based upon a misapprehension of the doctrine. As has been pointed out, King, in his counter-claim in the

earlier suit, set up the same right of recovery against Reichey as that specified in his counter-claim in the present action. The doctrine of *res adjudicata,* as defined by our Court of Errors and Appeals, is that the judgment of a court of competent jurisdiction on a question of law or fact, when litigated and determined, is, so long as it remains unreversed, conclusive upon the parties and their privies, not only in the suit in which it is pronounced, but in all future litigation between the same parties or their privies, touching upon the same subject-matter. *In re Walsh's Estate,* 80 *N. J. Eq.* 565.

The next ground upon which we are asked to make the rule absolute is that the verdict of the jury in favor of Bragg was contrary to the weight of the evidence, counsel's contention being that it clearly appeared from the proofs that Barkalow, the driver of King's car, was not guilty of any negligence, and that the collision resulted solely from the negligence of the driver of the Reichey car. Our examination of the testimony sent up with the rule leads us to the conclusion that this ground for making it absolute is without merit. Assuming that King was a mere bailee of the plaintiff's car and was only required to exercise reasonable prudence in its operation, the question whether such prudence was used by King's driver was submitted to the jury, and its finding upon this fact was not, in our opinion, contrary to the clear weight of the testimony.

It is further argued that this rule should be made absolute because of the fact that the verdict of the jury was the result of a misunderstanding of the charge of the court. This is attempted to be shown by the production of affidavits of three of the jurymen that they did not intend to find negligence on the part of Barkalow in the driving of the King car, but that their concurrence in the verdict was the result of a mistaken idea as to the effect of the court's dismissal of the counter-claim against Reichey. The validity of a verdict cannot be questioned by any such method of procedure as that attempted to be followed by counsel. It is entirely settled that the affidavits of jurors will not be received for the purpose of impugning or destroying the verdict in which

they have joined or of proving the ground of the verdict. *Lindauer* v. *Teeter,* 41 *N. J. L.* 255, and cases cited.

Other grounds argued by defendant's counsel for setting aside the verdict are directed at the amount of the award and at alleged erroneous rulings at the trial court on matters of evidence and errors in the charge to the jury. It is enough to state in disposing of them that our examination thereof satisfies us that they are without legal merit, and that they are not of sufficient importance to justify specific discussion.

The rule to show cause will be discharged.