JANNETTE MARCONI, ADMINISTRATRIX AD PROSEQUEN-
DUM OF MICHAEL MARCONI, DECEASED, PLAINTIFF,
v. RAY MacELLIOTT ET AL., DEFENDANTS.

Submitted May term, 1929—Decided January 13, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *J. Victor D'Aloia.*

*Contra, John W. Bishop, Jr.,* and *William P. Braun.*

PER CURIAM.

Plaintiff's intestate was struck down and injured on Mar-
ket street, Newark, and died as a result of the injuries so
received. He was passing from one side to the other of
Market street and was struck first by the car of MacElliot
and thrown in front of the truck of the other defendant,
Aladdin Trucking Company.

An action for damages, under the Death act, was brought
by decedent's administratrix *ad prosequendum* and a trial
of such action resulted in a verdict for the defendants.
This we are asked to set aside—

1. Because it is against the weight of the evidence. This
we do not find to be so.

2. No contributory negligence was proved. This we do
not find to be so.

3. The court erred in refusing to charge section 4, paragraph 2 of the Traffic act (*Pamph. L.* 1915, *ch.* 156) relating to the passing of an overtaken vehicle on the left.

There was no error in refusing to so charge because the provision in question had no application to the facts and situation presented by the present case.

4. That the jurors mistook or misunderstood *Exhibit P*-1, being a diagram of the place of the happening.

In support of this ground or reason depositions of eleven of the jurors were taken and presented on this rule.

This will not avail the holder of this rule. A litigant may not go behind the jury room door to establish how a verdict was arrived at. *Lindauer* v. *Teeter,* 41 *N. J. L.* 255, 259; *Queen* v. *Jennings,* 93 *Id.* 353; *Bragg* v. *King,* 104 *Id.* 4.

The rule will therefore be discharged.