JOSEPH PULITZER, PLAINTIFF, v. MARTIN S. RIBSAM AND SONS COMPANY, DEFENDANT.

Decided March 17, 1941.

For the plaintiff, *James Mercer Davis, Jr.*

For the defendant, *Powell & Parker.*

JAYNE, C. C. J. "Ill blows the wind that profits nobody." The jury exonerated the defendant. It is asserted, however, on behalf of the plaintiff that the frost ridden gales of a savage March refrigerated the jury room and took captive the restless and distracted minds of the jurors. "Lion like March cometh in, hoarse, with tempestuous breath." It may be inferred from the proof submitted that as the jurors rendered their verdict "coldness dwelt within their hearts and a cloud of wrath was on their brows." Ushered from the hospitable warmth of the court room to the unsociable chill of the jury chamber, had been their sudden experience. Milton envisaged such a destiny in Paradise Lost:

"From beds of raging fire to starve in ice
    Their soft, ethereal warmth, and there to pine
    Immovable, infix'd, and frozen round,
    Periods of time;  thence hurried back to fire."

The plaintiff seeks the allowance of a rule to show cause why a verdict fabricated in such vexatious circumstances should not be annulled. Assuredly the defendant was not at fault. Neither should the venerable and time-worn old court house remain undefended. Erected at Mount Holly in 1796 it is a priceless treasure of Burlington county. Unpretentious, it is nevertheless majestic. During nearly a century and a half its walls have gazed upon many memorable scenes. Within its doors, eminent jurists have presided, distinguished lawyers have debated, innocent prisoners have been liberated, felons have been condemned to death and the rights of thousands of citizens have been determined. Although now clothed with some modern garments which perhaps do not fit, its history and traditions remain and it is not yet to be presumed that it has outlived its usefulness in the administration of truth and justice.

It is suggested that the jury cogitated the weather rather than the controversial issues of the case. As Cowper said, "Winter is the cruel ruler of the inverted year." True, the weather habitually trespasses upon the thoughts of all of us almost daily, yet it is seldom a complete encroachment.

A general verdict is doubtless the merger of a variety of ideas, reflections and sentiments; a compound in which only the omniscient could identify the component parts and accurately ascribe to each its relative influence in generating the ultimate product. No one but the jurors can tell what was put into it and the jurors are not permitted to say. *Lindauer* v. *Teeter*, 41 *N. J. L.* 255; *Peters* v. *Fogarty*, 55 *Id.* 386; 26 *Atl. Rep.* 855; *Queen* v. *Jennings*, 93 *N. J. L.* 353; 108 *Atl. Rep.* 379; *Bragg* v. *King*, 104 *N. J. L.* 4; 139 *Atl. Rep.* 884; *Marconi* v. *MacElliott*, 8 *N. J. Mis. R.* 69; 148 *Atl. Rep.* 392. The closing scene of the trial is played behind the curtain. In practice, we first confront the verdict and consider its consistency with evidence which the jury may have reasonably deemed credible and trustworthy. If the verdict is manifestly discordant with the weight of the credible evidence, the effectiveness of some improper influences may then be logically inferred. The power to grant a new trial is essentially remedial. *Bowen* v. *Healy's, Inc.*, 16

*N. J. Mis. R.* 113. Where, after a thoughtful and deliberate review of the evidence it appears that the conclusion of the jury was legitimate and just, there is no occasion to surmise that it was the product of either the heat of passion or the chill of indifference.

Here, the affidavit reveals that the jurors embarked upon their deliberations at two-forty-five P. M. and at five-thirty P. M. some of them complained to the attending officer that the jury room was intolerably cold. An half hour thereafter elapsed before they announced their verdict. Whether the "heat was put on them" promptly is not divulged. However, it can not be supposed that throughout this span of time the jurors were unable to discuss and consider the issues of the case. Moreover, all the jurors, without protest, expressly assented to the verdict at the time it was rendered.

An application based upon a similar ground was denied in *Woods* v. *Klein,* 72 *Atl. Rep.* (*Pa.*) 523.

The verdict in the present case is abundantly supported by the evidence. Justice does not reasonably require its disturbance.

Application denied.