NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3910-15T1

WILLIAM RUMBAS,

 Plaintiff-Appellant,

and

MICHELLE JONES, FRANJ REMICK,
LISA REMICK, PIERRE WEIMER,
JOSEPHINE WEIMER and MARUEEN
MCDONALD,

 Plaintiffs,

v.

SONY ELECTRONICS, INC.,

 Defendant-Respondent.

________________________________

 Argued September 27, 2017 – Decided October 12, 2017

 Before Judges Alvarez, Nugent, and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Docket No. L-
 4087-12.

 William Rumbas, appellant, argued the cause
 pro se.

 Robert J. Hafner argued the cause for
 respondent (Eckert Seamans Cherin & Mellott,
 LLC, attorneys; Mr. Hafner and Elizabeth A.
 Weill, of counsel and on the brief).

PER CURIAM

 In this products liability action, plaintiff William Rumbas

appeals from two orders: the first entered judgment on a jury

verdict of no cause for action; the second denied plaintiff's

post-verdict motion seeking a new trial.1 The jury rejected

plaintiff's claim that his television, manufactured by defendant,

malfunctioned and caused the fire that damaged his and three other

condominium units. The trial judge, James P. Savio, rejected

plaintiff's post-verdict motion for a new trial based on a juror's

purported disdain for plaintiff as the result of a landlord-tenant

action plaintiff had filed against the juror's friend ten years

earlier. We agree with Judge Savio's decision and therefore

affirm both orders.

 These are the facts relevant to plaintiff's appeal. When

jury selection began, Judge Savio gave the jury panel a preliminary

overview of the case. He informed the jurors of the street address

and municipality where the fire occurred. He told the prospective

jurors:

 This is a civil lawsuit where the plaintiffs
 were owners of property, . . . condominium

1
 Although other plaintiffs participated in the trial, Mr. Rumbas
is the only plaintiff who appealed. Accordingly, we refer to him
as "plaintiff" in this opinion.

 2 A-3910-15T1
 units . . . . Mr. Rumbas [was] the owner[]
 of a flat screen television that was located
 within the property. The flat screen
 television was manufactured by the defendant
 . . . .

 On March 16, 2012, a fire erupted . . .
 [and] spread and damaged property of the other
 plaintiffs. The plaintiffs allege that the
 fire originated in the television and that the
 fire was caused by a defectively manufactured
 television. The plaintiffs seek monetary
 compensation for the damages to the structures
 and to the personal property located within
 the structures that they allege was sustained
 as a result of the fire itself as well as the
 suppression of the fire.

 The judge had eight jurors, whose names were randomly

selected, sit in the jury box. He asked the eight jurors twenty-

eight preliminary questions. Before asking the questions, Judge

Savio explained to the panel that the twenty-eight questions were

designed to elicit a negative response. He also explained that

as jurors seated in the jury box were excused and replaced by

those from the panel, he would not repeat all twenty-eight

questions. Rather, he would ask the replacement juror if his or

her answer to any of the questions "would be anything other than

'no.'" The judge further instructed the panel that each

prospective juror should assume they would be the next person

picked to replace a juror seated in the jury box. The judge gave

each prospective juror a list of the preliminary questions so they

 3 A-3910-15T1
could follow along while the judge questioned those in the jury

box.

 Early in the questioning process, the attorneys introduced

their clients. Plaintiff's attorney explained that plaintiff had

to go to a pharmacy but would return soon. After the attorneys

introduced their clients, the judge read a list of potential

witnesses, including plaintiff William Rumbas. The judge asked

the prospective jurors if they knew any of the individuals.

 While the judge was questioning the prospective jurors about

the witnesses, plaintiff entered the courtroom. His attorney

announced his arrival: "Excuse me, Your Honor. Mr. Rumbas just

walked in. Can I just introduce him quickly?" Plaintiff's

attorney had plaintiff stand up, and the attorney then introduced

plaintiff to the jury. The court immediately inquired, "Do any

of you know Mr. Rumbas?" None of the jurors seated in the jury

box responded affirmatively.

 The court excused more than twenty-five prospective jurors

for various reasons. Juror 4 – the subject of plaintiff's post-

trial motion – was the last juror to be selected before the jury

was sworn. When Juror 4 replaced a previously seated juror, the

judge asked if Juror 4 had heard all of his questions. The juror

responded, "Yes." The court next asked if the juror's answer to

any of the questions would be anything other than no. The juror

 4 A-3910-15T1
responded, "No. I also live in [the municipality where the fire

occurred]. Surprisingly, for as small as the town is I really

don't know of this story." After the juror provided biographical

information, each attorney informed the court the seated jurors

constituted an acceptable jury. The jury was then sworn.

 Jury selection took place on February 22, 2016. The jury

returned a unanimous verdict of no cause for action on March 1,

2016.2 The court discharged the jury that day. During the course

of the trial, plaintiff raised no issue about Juror 4.

 Twenty-nine days after the jury rendered its March 1, 2016

verdict, plaintiff filed a notice of motion "For New Trial." In

support of his motion for a new trial, plaintiff filed a

certification in which he acknowledged the case was tried before

a jury from February 22, 2016, through March 1, 2016. According

to plaintiff, he was "present for a portion of jury selection, the

parties' openings and closings, and for [his own] trial testimony."

 Plaintiff averred that he left court to go to a pharmacy

before jury selection began. He stated, "I arrived towards the

end of jury selection, and did not note [Juror 4]." He further

explained that when he testified, he was focused on his attorney

2
 The court excused one juror, so seven jurors deliberated and
returned the verdict. The verdict was not required to be
unanimous. R. 1:8-2(b) and (c).

 5 A-3910-15T1
and the questioning, not the jury, and he did not notice Juror 4.

During closing arguments, however, as plaintiff watched the

jurors, one looked familiar, but he could not recall the juror's

name. A few days after the verdict, he realized that the juror

who looked familiar lived a few blocks away from him and disliked

him based on the eviction proceeding plaintiff instituted "several

years ago" against the juror's friend.

 Plaintiff further explained that in 2006, he rented a property

to Juror 4's close friend, who worked with the juror. In fact,

plaintiff saw Juror 4 at the rental property "many times." When

the juror's friend stopped paying rent, plaintiff was forced to

file an eviction complaint and evict her. In October 2006, he

also obtained a default judgment against the juror's friend.

Thereafter, he filed an application for a wage execution in an

effort to collect the judgment.

 Plaintiff asserted in his certification that Juror 4 was

present when officers evicted the juror's friend from the rental

property. Plaintiff also asserted Juror 4 "became extremely

agitated and actually confronted the officers." Plaintiff

concluded his certification by asserting there was no way the

juror would not know his name or remember who he was. He believed

the juror "would harbor bias against [him] which would affect [the

juror's] ability to be an impartial juror in this matter."

 6 A-3910-15T1
 During argument on the motion, plaintiff requested the court

summon Juror 4 so that plaintiff could question the juror about

the decade-old eviction and any lingering animosity Juror 4 might

have for plaintiff.

 Judge Savio denied the motion. Citing applicable case law

as well as Rule 1:16-1, which prohibits parties from examining

jurors except "by leave of court granted on good cause shown,"

Judge Savio determined plaintiff had not met the threshold showing

required to have a court recall a juror after the court has

discharged the jury. The judge pointed out that plaintiff was

unable throughout the trial to recognize Juror 4 and connect her

to proceedings that occurred ten years earlier. Judge Savio found

incongruous plaintiff's assertion that Juror 4 would recognize the

old relationship between plaintiff and the tenant, when plaintiff

himself did not make the connection during the trial. The judge

noted Juror 4 did not respond affirmatively to the question about

whether jurors knew Rumbas.

 Judge Savio reasoned that in order to grant plaintiff's

request, he would have to conclude Juror 4 recognized plaintiff,

wanted to get back at him because he had evicted the juror's friend

from an apartment ten years earlier, and for that reason

deliberately misrepresented her answer to a question posed by the

court. In addition, Judge Savio concluded he would have to

 7 A-3910-15T1
determine Juror 4 then influenced the six other jurors to decide

the case in favor of defendant.

 On appeal, plaintiff reiterates the arguments he made to the

trial court. He asserts Juror 4's "concealment created destructive

uncertainties regarding the impartiality of the ultimate jury

verdict in this case." He also asserts, based upon the facts he

presented in his certification, "juror bias should be presumed."

 Defendant responds that plaintiff's motion for a new trial

was untimely. Rule 4:49-1(b) requires that such a motion be filed

no later than twenty days after the return of the verdict.

Defendant further asserts that the time for filing such a motion

may not be enlarged, citing Rule 1:3-4(c). Additionally, defendant

argues that Judge Savio correctly determined plaintiff had failed

to make the strong showing that Juror 4's conduct had the capacity

to affect the verdict.

 In reply, plaintiff argues that if not timely under Rule

4:49-1, his motion was timely under Rule 4:49-2 and Rule 4:50. He

reiterates the arguments he made in his original brief.

 We affirm the orders entering judgment on the jury verdict

and denying plaintiff's post-verdict motion, substantially for the

reasons expressed by Judge Savio in the oral opinion he delivered

from the bench on April 15, 2016. We add the following brief

comments.

 8 A-3910-15T1
 Our Supreme Court has stated that "[c]alling back jurors for

interrogation after they have been discharged is an extraordinary

procedure which should be invoked only upon a strong showing that

a litigant may have been harmed by jury misconduct." State v.

Athorn, 46 N.J. 247, 250 (1966). The Court explained that "[i]f

verdicts could be easily set aside as a result of an investigation

into secret jury deliberations, disappointed litigants would be

encouraged to tamper with jurors, to harass them and to employ

fraudulent practices in an effort to induce them to repudiate

their decisions." Ibid.

 There are two exceptions to the general prohibition against

calling back jurors. The first occurs when a juror informs other

jurors of facts based on the juror's personal knowledge that have

not been introduced into evidence. The second occurs when a juror

makes comments in the jury room that manifest racial or religious

bigotry against a defendant. Id. at 251-52.

 More recently, our Supreme Court has explained that "'[g]ood

cause' under [Rule 1:16-1] refers to some information that enters

jury deliberations and has the capacity for prejudice." Davis v.

Husain, 220 N.J. 270, 286 (2014). Thus, a "showing of good cause

includes information that is communicated to jurors – by another

juror or by an outsider – that is extraneous to the issues that

the jury is deciding, and that would be sufficiently prejudicial

 9 A-3910-15T1
to warrant a new trial if such information were considered by the

jury." Ibid.

 Here, as Judge Savio determined, plaintiff made no such

showing. Rather, plaintiff speculated that, after ten years, a

juror not only recognized him but maintained such a degree of

animosity that the juror was motivated to both misrepresent answers

to voir dire questions and attempt to influence other members of

the jury. Aside from plaintiff's beliefs, which constitute nothing

more than unsupported speculation, plaintiff produced no evidence

the juror either discussed these feelings with other jurors or in

some other way presented extraneous information during

deliberations.

 In short, as Judge Savio concluded, plaintiff made an

insufficient showing under Rule 1:16-1 to warrant the court

summoning and examining any of the jurors.3

 Affirmed.

3
 In view of our disposition of plaintiff's argument on its merits,
we need not address defendant's argument that plaintiff's post-
verdict motion should have been dismissed because it was untimely
filed.

 10 A-3910-15T1